UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CHARLES W. CHRISTOPHER, | ) | |
| | ) | |
| Petitioner-Defendant, | ) | |
| | ) | |
| v. | ) | Case Nos. 4:20-cr-40072-SLD-JEH |
| | ) | 4:22-cv-04187-SLD |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |

ORDER

Before the Court is Petitioner-Defendant Charles W. Christopher's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Doc. 62. Christopher argues: (1) that he is actually innocent of his conviction under 18 U.S.C. § 2260A because no minor was involved in the offense (and that his counsel was ineffective for failing to pursue this argument); (2) that his attorney should have argued that his sentences should not have been imposed consecutively; and (3) that 18 U.S.C. § 2244(b) is unconstitutional. For the reasons explained below, the Court DENIES Petitioner's § 2255 Motion and DECLINES to issue a certificate of appealability.

BACKGROUND

While on supervised release for a 2008 conviction for attempted enticement of a minor to engage in illicit sexual activities in the Southern District of Iowa, Christopher repeated his criminal patterns with very similar conduct. In November 2020, Christopher began communicating on a mobile dating application with someone he believed to be a 15-year-old girl. *See* PSR ¶ 14, Doc. 43. However, it was actually an online covert employee (OCE) engaging in an undercover operation. *Id*. Christopher requested a video chat and, after the chat,

told the OCE that "I thought you weren't real." *Id.* He then told her he wanted to "[m]ake a baby lol jk" and later asked "can I cum inside you." *Id.* ¶ 15. Christopher continued the conversation, agreeing to come to the purported minors residence in Rock Island, Illinois, on November 15, 2020. Christopher parked down the street from the residence and then came to the residence with White Claws, an alcoholic drink he had agreed to bring. *Id.* ¶ 17. Law enforcement officers arrested him after he knocked on the door of the residence. *Id.* ¶ 19.

On April 20, 2021, a grand jury charged Christopher in a superseding indictment with attempted enticement of a minor, in violation of 18. U.S.C. § 2422(b) (Count 1s); and committing a felony sex offense while a registered sex offender, in violation of 18 U.S.C. § 2260A (Count 2s). Superseding Indictment, Doc. 27. On August 5, 2021, Christopher entered an open guilty plea to both counts in the superseding indictment. At the change of plea hearing, Christopher was placed under oath. He affirmed that he understood the potential imprisonment penalties were ten-years to life imprisonment on Count 1s and a mandatory consecutive ten year imprisonment sentence on Count 2s—making the total minimum penalty twenty years imprisonment. P.Tr. 5–10, Doc. 59. The Court explained how the advisory sentencing guidelines impact sentencing and the rights he was giving up by pleading guilty. *Id*. at 11–14. Next, the government recited the essential elements of the offenses, and Christopher affirmed that he understood the elements. *Id*. at 14–15. In his own words, Christopher explained that he was pleading guilty because:

> I used a cell phone with internet to have communications with someone that was—I believed to be under 18 for the purpose of arranging a meeting for a sexual relation. And I was—at the time, I was required to register as a sex offender in the state of Iowa.

*Id*. at 16. After the government provided an independent factual basis to support the plea, the Court accepted Christopher's guilty plea. *Id*. at 16–19.

The United States Probation Office prepared the Presentence Investigation Report. PSR. The PSR determined Christopher was subject to a enhancement under U.S.S.G. § 4B1.5 because his prior conviction for attempted enticement of a minor in 2008 made him a "repeat and dangerous sex offender against minors." *Id.* With this enhancement, his offense level was 37. After a three-point reduction in his offense level for acceptance of responsibility, his total offense level became 34. His criminal history category was V. Accordingly, his sentencing guideline range on Count 1s was 235 to 293 months of imprisonment, followed by the mandatory ten-year consecutive sentence on Count 2s. *Id.* at ¶ 93.

The Court held a sentencing hearing on December 15, 2021. After granting Christopher's objection to a supervised release condition related to gambling, the Court adopted the calculations in the PSR. S.Tr. 7, Doc. 60. The government made its commentary at sentencing, asking for a sentence at the low end of the guidelines. *Id.* at 10–22. Christopher's counsel argued that the sentencing range without the § 4B1.5(a) enhancement would be 120 months and that the mandatory minimum of twenty years imprisonment would already be double Christopher's last sentence. *Id.* at 22–29. Ultimately, defense counsel argued that twenty years of imprisonment was sufficient under the facts of the case. *Id.* at 29–33.

After Christopher made his allocution, the Court addressed the sentencing factors under 18 U.S.C. § 3553(a). The Court told Christopher that its biggest concern was "the risk that you pose to the public" and that it had an "absolute responsibility to keep the public safe from future crimes by you." S.Tr. 40–41. The Court sentenced Christopher to 144 months of imprisonment on Count 1s, plus an additional 120 months on Count 2s to run consecutive to Count 1s. *Id.* at 45–47. The Court also sentenced Christopher to an additional twenty-four months of imprisonment for the supervised release violation, to be served consecutively. *Id.* at 47–48.

Finally, lifetime supervised release was imposed for the new convictions. S.Tr. 48. Christopher filed a timely appeal, but later filed a motion to dismiss the appeal with prejudice. The motion to dismiss was granted on April 15, 2022. *See* Mandate, Doc. 61.

Christopher filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Doc. 62, on December 21, 2022. He argues three grounds for relief: (1) that he is actually innocent of Count 2s (18 U.S.C. § 2260A) because no "actual" minor was involved in the predicate offense and counsel was ineffective for allowing him to plead guilty without raising this argument; (2) that the Court erred when the Court imposed a consecutive sentence for Count 2s because it failed to consider the provisions in 18 U.S.C. § 3584(a) and that his counsel was ineffective for failing to object at sentencing or raise the issue on appeal; and (3) that 18 U.S.C. § 2422(b) is unconstitutional. The government filed a response in opposition, Doc. 67, and Christopher has filed a reply, Doc. 68. After careful review, this order now follows.

## DISCUSSION

### I.  Legal Standard

Section 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to request that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted). However,

a "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States,* 538 U.S. 500, 509 (2003).

Christopher brings claims under the Sixth Amendment. The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). Under *Strickland's* two-part test, a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991).

    II.    Analysis

        **a. Christopher's Attorney Was Not Ineffective for Advising Him to Plead Guilty to the 18 U.S.C. § 2260A Offense.**

Christopher argues that his conviction on Count 2s under 18 U.S.C. § 2260A is invalid because (1) by using the phrase "involving a minor," the statute requires an actual minor and Christopher's conduct did not, (2) his predicate charge was for attempt under 18 U.S.C. § 2422(b) and § 2260A does not cover attempt, and (3) the rule of lenity applies. Mot. 2–6. The Court addresses each argument in turn.

### i. "Involving a Minor"

Christopher first argues that his conviction on Count 2s under 18 U.S.C. § 2260A is invalid because the predicate offense involved an undercover officer instead of an "actual" minor and was only an attempt conviction. He argues he is entitled to relief because his counsel was ineffective for failing to raise this argument prior to advising him to plead guilty. The Court finds that Christopher's underlying argument does not have merit, so he cannot show the prejudice required for an ineffective assistance of counsel claim. Moreover, given the strong caselaw rejecting this argument, the Court is doubtful that his attorney's conduct could be classified as deficient for failing to raise the claim. Regardless, Christopher is not entitled to relief.

A conviction under 18 U.S.C. § 2260A requires a mandatory ten-year consecutive sentence for "[w]hoever, being required by Federal or other law to register as a sex offender, commits a felony offense *involving a minor* under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425." 18 U.S.C. § 2260A (emphasis added). Here, Christopher's predicate offense was for attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). His offense conduct did not involve an *actual* minor, but rather an undercover agent posing as a minor. Christopher now argues, as a matter of statutory interpretation that "involving a minor" under § 2260A means an *actual* minor must be involved.

While the Seventh Circuit has not addressed this issue, the Sixth and Eleventh Circuits have found that an actual minor is not required when a defendant's predicate conviction is for attempted enticement of a minor under 18 U.S.C. § 2422(b). In *United States v. Fortner*, 943 F.3d 1007, 1009 (6th Cir. 2019), the Sixth Circuit found that the plain meaning of the phrase

"involving a minor" in § 2260A "did not purport to eliminate all attempt crimes, as the reach extending term 'involves' suggests. A conviction arising from an attempt to have sex with a minor "involves" a minor no matter whether it arose from a sting operation (as here) or it related to a real child." *Id*. at 1009. As further support, the Sixth Circuit considered the language of the enticement statute, § 2422(b), and noted that, to be guilty of attempted enticement of a minor, the statute only requires the perpetrator to have the requisite mental state and take a substantial step towards completing the offense. *Id*. at 1010. Despite the fact that in some cases an actual minor was not used, the offense always "involves" a minor due to the requisite mental state. *Id*. Further, the Sixth Circuit highlighted that Congress had clearly indicated in neighboring statutes when an actual minor was required for a conviction by using the terms "actual minor" or "identifiable minor," as opposed to simply "minor." *Id*. (citing 18 U.S.C. § 2252A(a)(3)(B)(ii), (c)(2), (e); 18 U.S.C. § 2256(8)). Finally, the Sixth Circuit looked at the "statutory context" of these laws, which are "designed to root out child predation frequently cover attempt crimes against non-existing children precisely to avoid completed crimes against existing children." *Id*. at 1011. Given the need for attempt crimes in this area of the law, the Sixth Circuit found "nothing linguistically unusual about calling an unsuccessful attempt to abuse a minor a crime that involves a minor." *Id*.

  The Eleventh Circuit had previously considered the issue in *United States v. Slaughter*, 708 F.3d 1208 (11th Cir. 2013), and came to the same conclusion. Looking at both the language in § 2260A and § 2422(b), the Eleventh Circuit found that the plain language in § 2422(b) allowed for an attempt conviction even when an actual minor was not involved. *Id*. at 1215. Accordingly, the Eleventh Circuit found that "[t]he question that follows, then, is whether the plain language of § 2260A negates the plain language of § 2422(b), so that a defendant cannot be

convicted of § 2260A without having committed conduct involving an actual minor, even if the same conduct would sustain a conviction for attempted enticement under § 2422(b)." *Id*. at 1215. The Eleventh Circuit found that:

> We read nothing in the plain language of § 2260A that negates the plain language of § 2422(b). Rather, we read the language in each section to be complementary. Section 2260A limits liability to "felony offense[s] involving a minor." For purposes of the chapter where § 2260A is located, the term "'minor' means any person under the age of eighteen years." Similarly, § 2422(b) limits liability for enticement to conduct involving "an[ ] individual who has not attained the age of 18 years." Thus, considered together, these two sections operate to criminalize enticement and attempted enticement of an individual under the age of eighteen years, and when such an offense is committed by a registered sex offender, that defendant faces an additional ten years in prison. And because a violation of § 2422(b) does not require an actual minor due to its attempt clause . . . neither does a violation of § 2260A require the involvement of an actual minor when that violation is predicated on a violation of § 2422.

*Slaughter*, 708 F.3d at 1215 (quotation marks omitted). Like the Sixth Circuit, the Eleventh Circuit also found the neighboring statues' use of the term "actual minor" and the broad purpose of the statutes to protect minors from sexual abuse supported its holding. *Id*.

Nonetheless, Christopher's view does find support in *United States v. Dahl,* 81 F. Supp. 3d 405 (E.D. Pa. 2015).[1] In *Dahl*, the district court found *Slaughter's* reasoning "flawed." *Id*. at 408. Instead, the court relied primarily on the definition of minor under 18 U.S.C. § 2256(1): a "'minor' means any person under the age of eighteen years." The district court held that

---

[1] Christopher also purports to find support in *United States v. Eychaner*, 326 F. Supp. 3d 76 (E.D. Va. 2018). Mot. 4. However, this case did not address the issue presented here. Rather, in *Eychaner,* the predicate conviction for the § 2260A offense was for Attempted Receipt of Visual Depictions that Depict Minors Engaging in Sexually Explicit Conduct and are Obscene, in violation of 18 U.S.C. § 1466A(a)(1). *Eychaner*, 326 F. Supp. 3d at 99. The district court issued a narrow holding "[a] minor is not "involved" in the offense . . . when the depiction in question involves a fictional cartoon character with no relation to any actual person in the real world." *Id*. at 102. Notably, the defendant did not even need to believe that an actual minor was involved to commit the offense.

pursuant to that definition "involving a minor" under § 2260A must be an offense where an actual minor was involved, not one where an undercover agent posed as a minor. *Id.* at 409.

Here, the Court finds the reasoning of the Sixth and Eleventh Circuits persuasive. While the term "minor" by itself may indicate that an actual minor is needed, § 2260A qualifies the term minor by using the phrase "*involving a* minor." The Court agrees with the Sixth and Eleventh Circuits that this phrase does not indicate that an actual minor must be victimized in committing the predicate offense. And, considering the phrase along with the statutory framework and the required mental state for an attempted enticement of a minor conviction under § 2422(b), the Court finds that an actual minor was not needed to support Christopher's § 2260A conviction. Accordingly, as the Court does not find that Christopher's argument has merit, counsel's failure to raise this ground not was prejudicial to him.

### ii. Attempt Crimes and § 2260A

Christopher next argues that his conviction is invalid because an attempt to commit § 2422(b) is not a sufficient predicate for § 2260A. Mot. at 5–6. He seeks to rely on *United States v. Taylor*, 142 S.Ct. 2015 (2022), in which the Supreme Court held that attempted Hobbs Act robbery does not qualify as a predicate "crime of violence" for purposes of a conviction for using a firearm in furtherance of a "crime of violence." 142 S.Ct. at 2020. Christopher's argument is unavailing. As stated above, a conviction under 18 U.S.C. § 2260A requires a mandatory ten-year consecutive sentence for "[w]hoever, being required by Federal or other law to register as a sex offender, *commits a felony offense* involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425." 18 U.S.C. § 2260A (emphasis added). In being convicted of attempted enticement of a minor under § 2422(b), Christopher did not *attempt* to commit a felony, he *did* commit a felony:

both attempting to entice a minor and enticing a minor are felonies. Christopher's attorney was not ineffective for failing to raise this meritless argument.

### iii. Rule of Lenity

Finally, Christopher argues that the rule of lenity applies to his arguments that § 2260A requires an actual minor and a conviction of a completed offense. However, the rule of lenity "applies only when a criminal statute contains a grievous ambiguity or uncertainty, and only if, after seizing everything from which aid can be derived, the Court can make no more than a guess as to what Congress intended." *Ocasio v. United States*, 578 U.S. 282, 295 (2016) (quotation marks omitted). The Court does not find the rule of lenity applies here. While Christopher's argument that § 2260A requires an actual minor finds support in one district court case, the Court does not find that it is left to make "no more than a guess" as to whether an actual minor is required. Rather, the Court's finding that no actual minor is required finds strong support in the statutory language and context of the statute. And, Christopher's argument that § 2260A requires a predicate conviction of a completed offense finds no support in the statutory language at all. Accordingly, again, the Court finds that Christopher's attorney was not ineffective for failing to raise this meritless argument.

### b. The Court Properly Sentenced Christopher to a Mandatory Consecutive Sentence on His § 2260A Conviction.

Christopher next argues that not only was it not mandatory to sentence him to a consecutive sentence on his § 2260A conviction, but it was not permissible. Christopher's argument stems from language in the Fourth Circuit case of *United States v. Beck*, 957 F.3d 440, 447 (4th Cir. 2020). In *Beck*, in previous direct appeal the defendant had:

> argued for the first time that it was error for the plea agreement to require a consecutive ten-year sentence on [his § 2260A conviction] and that his counsel had

been ineffective for failing to identify this error. The government agreed that "the plea agreement erroneously specified that the district court was required by statute to impose consecutive sentences for the two offenses," and the parties moved jointly to remand the case so that the district court could address the error in the first instance.

*Id*. at 444. In *Beck*, the defendant had been charged, in relevant part, with producing child pornography, in violation of 18 U.S.C. § 2251(a) (Count One), and with violating 18 U.S.C. § 2260A by committing an enumerated felony offense involving a minor—the crime underlying Count One—while being required to register as a sex offender (Count Five). But, in his plea agreement, in order to avoid a potential mandatory minimum sentence under Count One, the government agreed to dismiss Count One. Accordingly, because § 2260A only requires the ten year sentence to be imposed consecutive "to any sentence imposed for the offense under [the named felony offense provisions]" and by dismissing Count One in Beck's case there was no sentence imposed for the underlying offense, it was not mandatory that that the § 2260A offense be imposed consecutive for any other offense.

Here, as is typical, Christopher was convicted and sentenced for his predicate felony offense, so *Beck* is unavailing. There was no error in finding that the ten-year § 2260A sentence needed to be imposed consecutively under the statute's very clear language. Christopher's attorney was not ineffective for failing to raise this meritless argument.

### c. Christopher's Argument that 18 U.S.C. § 2422(b) is Unconstitutional is Procedurally Defaulted and Meritless.

Finally, Christopher argues that § 2422(b) is unconstitutional. Section 2422(b) provides that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for

which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). Christopher argues that the phrase "a criminal offense" is overbroad and void for vagueness, the phrase "any sexual activity" is vague, and that the statute is likely to "chill speech." Mot. 8–13. The government argues that these arguments are procedurally defaulted and meritless. Resp. 11–20. Christopher has clarified in his reply, however, that he is arguing that his counsel was ineffective for failing to raise these arguments. Reply 12. With that clarification, the Court addresses whether Christopher's counsel rendered ineffective assistance of counsel for failing to raise novel arguments about the constitutionality of § 2422(b). As explained below, Christopher cannot show prejudice, as none of the novel arguments has any merit and Christopher cannot show his counsel's conduct was deficient for failing to consider or pursue these meritless arguments.

### i. "A Criminal Offense"

Christopher argues that the phrase "a criminal offense" is unconstitutional because "[h]aving liability turn on what a State or municipality, or even potentially a foreign county[], may decide to criminalize is . . . patently unconstitutional." Mot. 10. In support, Christopher cites case law relating regarding the nondelegation doctrine. *Id.*[2] The nondelegation doctrine derives from Article 1 of the United States Constitution, which provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. Const. Art. 1, § 1. The Supreme Court has held

---

[2] Christopher also cites to *United States v. Taylor*, 640 F.3d 255, 256 (7th Cir. 2011), in which Judge Poser stated in dicta that "[f]or a federal statute to fix the sentence for a violation of a broad category of conduct criminalized by state law, such as 'any sexual activity for which any person can be charged with a criminal offense,' is a questionable practice." However, this dicta does not support any argument that doing so would violate the nondelgation doctrine or otherwise violate the constitution.

"that a statutory delegation is constitutional as long as Congress lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform." *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019) (quotation marks omitted; brackets in original). Here, Christopher is arguing that by using the phrase "a criminal offense," Congress has "delegated" to the states the role of defining criminal offenses. However, this is a backwards view of the law. Rather than "delegating" any job to the state, the statute simply refers to state laws. It does not require any action on the part of the states or otherwise delegate power that a state does not already have to create criminal offenses. The fact that a state could have a more expansive criminal code than another state or change its criminal code does not make the nondelegation doctrine applicable when no powers were delegated to the states.

Christopher also argues that the phrase "a criminal offense" fails to give fair notice of what is prohibited because "[t]here is not an 'ordinary person' alive who knows the laws of every state in every country of the world." Mot. 11. However, that a statute has broad reach does not mean that it fails to give notice of what is prohibits. Moreover, ignorance of the law is not a defense to criminal prosecution, *see, e.g., United States v. Dutcher*, 851 F.3d 757, 763 (7th Cir. 2017) (citing the "familiar maxim [that] ignorance of the law is no excuse") (quotation marks omitted), so the fact a person might not be aware that their conduct will violate the law is immaterial. Accordingly, because this argument is meritless and finds no support in any case law, the Court does not find that Christopher's counsel was ineffective for failing to raise this claim.

### ii. "Any Sexual Activity"

Christopher next turns to the constitutionality of the phrase "any sexual activity," arguing it is void for vagueness in violation of the Fifth Amendment. Mot. 11–12. "A conviction fails to

comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008).

Here, Christopher points to a circuit split as evidence of the phrases "vagueness." In *Taylor*, the Seventh Circuit applied the rule of lenity to interpret "any sexual activity" to be no broader than the term "sexual act," meaning it does include conduct where "the defendant neither made nor, . . . attempted or intended physical contact with the victim." *Taylor*, 640 F.3d at 260. Other circuit courts have since disagreed, finding that interpersonal contact is not required. *See United States v. Dominguez*, 997 F.3d 1121, 1123 (11th Cir. 2021); *United States v. Fugit*, 703 F.3d 248, 255 (4th Cir. 2012).

However, the fact that judges may disagree on one aspect of a criminal statute does not make it "void for vagueness." *See Williams,* 553 U.S. at 306 ("What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is."). Moreover, courts to have considered this issue have consistently found that the statute and phrase "any sexual activity" is not void for vagueness. *See, e.g., United States v. Panfil*, 338 F.3d 1299, 1301 (11th Cir. 2003) ("[The defendant] argues that the same failure to define . . . "sexual activity for which any person can be charged with a criminal offense" leaves ordinary citizens to guess at what communications would constitute illegal enticement or inducement. This contention is without merit because the terms cited by [the defendant] have plain and ordinary meanings."); *United States v. Shill*,740 F.3d 1347, 1355 (9th Cir. 2014) ("The plain language of § 2422(b) criminalizes 'any sexual activity' which could constitute a 'criminal offense.' A

person of ordinary intelligence would have no doubt that criminal liability under the statute does not depend on whether the conduct constitutes a misdemeanor or a felony under state law."); *United States v. Rojas*, 145 F. App'x 647, 649 (11th Cir. 2005) (focusing on the phrase "any sexual activity for which any person can be charged with a criminal offense" and finding that "[t]he manner in which the other uses of 'any' are used does not encourage arbitrary and discriminatory enforcement since the statute applies only to those who 'knowingly' engage in the illegal conduct."); *United States v. Hite*, 896 F. Supp. 2d 17, 23 (D.D.C. 2012).  Faced with this backdrop of cases, no reasonable counsel would have proceeded with this argument, nor can Christopher show that he was prejudiced, as the argument is meritless.

### iii. First Amendment Claim

Finally, Christopher argues that the statute chills protected speech in violation of the First Amendment.  Mot. 12–13.  As Christopher does not contend that his conduct was protected by the First Amendment, his argument is that the statute is facially unconstitutional.  However, there is no "First Amendment right to attempt to persuade minors to engage in  illegal sexual acts." *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000); *United States v. Meek*, 366 F.3d 705, 721 (9th Cir. 2004) ("Speech is merely the vehicle through which a pedophile ensnares the victim."); *United States v. Gagliardi*, 506 F.3d 140, 148 (2d Cir. 2007) ("Because no protected speech would be chilled by § 2422(b), and because the statute's terms are sufficiently unambiguous, we conclude that § 2422(b) is not unconstitutionally vague or overbroad."). Christopher cites hypotheticals that the Seventh Circuit used in *Taylor* to support its holding that sexual activity must include intrapersonal contact:

> We need to decide whether "sexual activity" encompasses a broader range of acts than "sexual act." If it did, one would expect the term to be defined in the statute, to indicate just how broad that range was. Is watching a pornographic movie, or a pole dancer, or a striptease artist, or Balthus's erotic paintings, or Aubrey

> Beardsley's pornographic sketches, or Titian's "Rape of Europa," or "Last Tango in Paris" a "sexual activity"? How about inducing someone to watch one of these shows?

*Taylor*, 640 F.3d at 257.  However, in light of the Seventh Circuit's holding in *Taylor* that intrapersonal contact is required, none of this conduct would fall under the definition of "sexual activity" within the meaning of the statute.  At best, assuming criminalizing these actions in the context of enticing a minor would provide for First Amendment issues, this dicta from *Taylor* supports adopting the Seventh Circuit's interpretation to avoid First Amendment issues and may provide some support to a litigant seeking to convince another circuit to follow the Seventh Circuit's approach.  But there is no risk that any of these scenarios would be criminalized under Seventh Circuit law, so Christopher's hypotheticals are irrelevant here.

Christopher also provides additional hypothetical scenarios to which the law might apply.  First, he argues that a teacher could be convicted under § 2422(b) by "teaching sex education to minors" and discussing "LGBTQ sexual activities" which could violate "Florida's 'Don't Say Gay' law." Mot. 13.  Regardless of any other issues with this hypothetical scenario, it also would not be covered under the Seventh Circuit's interpretation of the term "sexual activity" as it does not involve intrapersonal contact.  Second, Christopher argues that a "healthcare worker" could be charged with violating § 2422(b) for "exploring medical options for an unwanted pregnancy, especially if the patient happens to be under 18 years of age." Mot. 13.  It is very unclear how receiving medical treatment could be classified as "sexual" in any sense of the term or how receiving this healthcare could be classified as "persuad[ing], induc[ing], entic[ing], or coerc[ing]" sexual activity.  Again, no reasonable counsel would have proceeded with this argument, nor can Christopher show that he was prejudiced, as the argument is meritless.

### III. Evidentiary Hearing

An evidentiary hearing is not always necessary in § 2255 cases. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). However, "[a] hearing is required unless the record conclusively shows that the movant is not entitled to relief." *Hicks v. United States*, 886 F.3d 648, 650 (7th Cir. 2018); 28 U.S.C. § 2255(b). Here, the Court finds that an evidentiary hearing is unnecessary because even if Christopher's factual claims are correct, he is not entitled to relief.

### IV. Certificate of Appealability

If Christopher seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Christopher has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court finds that the issues are meritless and that no reasonable jurists could disagree. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons stated, the Court DENIES Petitioner Christopher's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, Doc. 62. The Court DECLINES to issue a

certificate of appealability.  The Clerk is DIRECTED to enter the Judgment and close the accompanying civil case, 22-cv-4187.  This case is CLOSED.

Signed on this 22nd day of September 2023.

>*/s/ Sara Darrow*
>Sara Darrow
>Chief United States District Judge